

FILED
JAN 1 5 2019
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

Spencer M. Cox,

       Plaintiff,

                                                  Civil Action No: 2:18cv677

v.

Waldon by the Chesapeake
Condominium Association, Inc.,

       Defendant.

## RULE 26(f) PRETRIAL ORDER

Subject to any special appearance, questions of jurisdiction, or other motions now pending, the Court **ORDERS** as follows:

1. On **January 24, 2019 at 2:00 p.m.**, the parties shall confer for the purpose of conducting the conference required by Federal Rule of Civil Procedure (hereinafter "Rule")26(f). Unless otherwise agreed upon by the parties, the parties shall meet in person at the offices of counsel located closest to the courthouse at Norfolk. By agreement of the parties, this conference may be conducted at anytime prior to the Rule 16(b) conference or at any place and by any means of communication so long as the parties accomplish the purposes of Rule 26(f) in a timely manner. The parties' proposed discovery plan shall provide for completion of all discovery on or before **June 12, 2019**, and shall be formulated to accommodate a trial date before **September 30, 2019**. The parties shall report orally upon their discovery plan at the subsequent Rule 16(b) conference and the plan shall not be filed with the Court.

2. The Rule 16(b) scheduling and planning conference will be conducted at the Walter E. Hoffman United States Courthouse in Norfolk on **February 12, 2019 at 9:30 a.m. in Courtroom 4 Witness Room, first floor.**

(a) The Rule 16(b) conference may be rescheduled for an earlier date by agreement of the parties, **subject to the availability of the court;** however, **the conference may not be postponed to a later date** without leave of court. If the date poses an unavoidable conflict for counsel, and all counsel and unrepresented parties can agree on an alternate date, please call **Patrice Thompson** in the Clerk's Office at **(757) 222-7218** for assistance.

(b) At the conference, all parties shall be present or represented by an attorney, admitted to practice in the Eastern District of Virginia, who possesses the authority to agree upon all discovery and scheduling matters that may reasonably be anticipated to be heard by the court.

(c) The parties are advised that the court has instituted a procedure for Settlement and Alternative Dispute Resolution (ADR) contained in Local Rule 83.6. In accordance with Local Rule 83.6(D), utilization of ADR procedures shall not operate to change any date set by order of the court, by the Federal Rules of Civil Procedure, or by the Local Rules of Practice.

(d) The parties shall complete the initial disclosures set forth in Rule 26(a)(1) on or before **February 26, 2019**. Any objections to the requirement of initial disclosure, and any unresolved issues regarding the discovery plan, shall be addressed at the Rule 16(b) conference.

3. Subject to the limitations imposed in pretrial orders, the parties may initiate any form of discovery at anytime subsequent to the date of this order, provided that no party will be required to respond to a deposition notice or other form of discovery sooner than **March 11, 2019**, unless specifically ordered by the court. All objections to interrogatories and requests for production and admission should be served within fifteen (15) days after service of such discovery requests. The failure of a party to comply with any disclosure provision, or any other form of discovery, will not excuse any other party from the failure to comply with any disclosure provision or any other form of discovery.

4. Interrogatories to any party by any other party shall be limited to thirty (30) in number, including sub-parts. Depositions of nonparty, non-expert witnesses shall

be limited to five (5) in number. There shall be no limit placed upon the number of depositions of military witnesses, or of witnesses not subject to summons for trial, which are undertaken by the proponent of the witness for the purpose of presenting such deposition testimony at trial. By agreement of the parties, or upon good cause shown, the court may enlarge the number of interrogatories which may be served upon a party, and the number of depositions which may be taken, or limit the number of depositions of military witnesses, or those taken by the proponent of the witness for presentation in evidence in lieu of the appearance of the witness.

/s/
Lawrence R. Leonard
United States Magistrate Judge

**UNITED STATES MAGISTRATE JUDGE**

Date: January 11, 2019